In the Matter of the ATTORNEY-GENERAL *v.* THE NORTH
AMERICA LIFE INSURANCE COMPANY.

(Argued May 1, 1883; decided May 8, 1883.)

THIS was an appeal from an order of General Term, which reversed an order of Special Term, directing the superintendent of the insurance department as to the distribution of the fund held by him, deposited under the insurance laws as security for the policy-holders of the defendant.

Application was made by the superintendent of the insurance department in January, 1880, for the distribution of that fund. On the 30th day of that month an order was made at a Special Term of the Supreme Court, directing precisely and fully how the fund should be distributed. Every person interested in the fund was made a party to that proceeding, in the mode prescribed by the rules and practice of that court. That order does not appear to have been appealed from or in any way vacated or modified, and no complaint was made that the superintendent was not proceeding to distribute the fund as it directs. It did not appear that these appellants were non-residents of the State, or that they

were not fully cognizant of that proceeding. After a delay of more than two years this motion was made for an order directing the superintendent to dispose of the fund in a manner different from that directed by the prior order. The General Term held that the motion should not have been granted for the reason that the prior order as'long as it remains unvacated and unreversed should be regarded as conclusive. The court here say : "We are of the same opinion. The orderly administration of justice requires that that order should be observed so long as it remains in force. If these appellants desired any relief from that order they should have appealed from it, or upon sufficient grounds should have moved to have it vacated or modified ; but so long as it remains in force they and all the other policy-holders may be regarded as concluded by it. It is not necessary to hold that it operates as an absolute estoppel so that the same court might not give relief against it. But whether any policy-holder should be relieved or be permitted to have a distribution of the fund different from that prescribed by the order, was, 'at least, in the discretion of the Supreme Court, a discretion which is not reviewable here.

"The claim that the Supreme Court was without jurisdiction to make the order of January 30 is not well founded. We must take notice that a proper proceeding was pending in the Supreme Court for winding up the affairs of the insurance company, and distributing its assets among the persons entitled to share therein. Although this fund was in the custody of the superintendent of the insurance department and could not be taken from him and administered under the direction of the court by the receiver (*Ruggles* v. *Chapman*, 59 N. Y. 165 ; *People, ex rel. Ruggles*, v. *Chapman*, 64 id. 560), yet the fund,.being a portion of the assets of the company, came within the jurisdiction of the court. It could determine who was entitled to share therein, and how the same was to be divided among those interested therein, and its jurisdiction could be invoked for that purpose by the superintendent or other proper parties. As the proceeding was pending in the Supreme Court its jurisdiction in reference to this fund could be invoked by a petition presented in that proceeding ; and we must assume that this was so presented, and that the court acquired jurisdiction to make the order."

*Raphael J. Moses, Jr.,* for appellants.

*William Barnes* for respondents.

EARL, J., reads for affirmance.
All concur.
Order affirmed.